**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Mona Amini, Esq. (SBN: 296829)
mona@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, California 92626
Telephone:   (800) 400-6808
Facsimile:   (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone:   (619) 233-7770
Facsimile:   (619) 297-1022

**THE SOLIMAN FIRM**
Steven Soliman, Esq. (SBN: 285049)
ssoliman@thesolimanfirm.com
245 Fischer Avenue, Suite D1
Costa Mesa, CA 92626
Telephone:   (714) 491-4111
Facsimile:   (714) 491-4111

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **JOHN DOE, Individually and On Behalf of All Others Similarly Situated,**<br><br>Plaintiff,<br><br>v.<br><br>**AETNA, INC.,**<br><br>Defendant(s). | Case No.:   '17CV1947 H    JLB<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF:**<br><br>1. **CONFIDENTIALITY OF MEDICAL INFORMATION ACT, CAL. CIV. CODE §§ 56, ET SEQ.;**<br>2. **CALIFORNIA BUS. & PROF. CODE §§ 17200, ET SEQ.; AND**<br>3. **NEGLIGENCE**<br><br>**JURY TRIAL DEMANDED** |

//

//

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

**INTRODUCTION**

1. Plaintiff JOHN DOE[1] ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of AETNA, INC. ("Defendant" or "Aetna") for Defendant's unlawful and unauthorized disclosure of Plaintiff's confidential medical information in violation of the Confidentiality of Medical Information Act, Cal. Civ. Code § 56, et seq. (the "Act" or "CMIA"); California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, et seq. (the "UCL"); and Negligence.

2. Under the Act, Plaintiff and all other persons similarly situated had a right to keep their personal medical information provided to Defendant confidential. The short title of the Act states, "[t]he Legislature hereby finds and declares that persons receiving health care services have a right to expect that the confidentiality of individual identifiable medical information derived by health service providers be reasonably preserved. It is the intention of the Legislature in enacting this act, to provide for the confidentiality of individually identifiable medical information, while permitting certain reasonable and limited uses of that information." The Act specifically provides that "[n]o provider of health care, health care service plan, or contractor shall disclose medical information regarding a patient of the provider of health care or an enrollee or subscriber of a health care service plan without first obtaining an authorization...." Civil Code. § 56.10(a). The Act further provides that "[e]very provider of health care, health care service plan, pharmaceutical company, or contractor who creates, maintains,

---

[1] The Ninth Circuit permits the use of pseudonyms in unusual cases where concealing a party's identity is necessary to protect that party from "harassment, injury, ridicule, or personal embarrassment." *United States v. Doe*, 655 F.2d 920, 922 n. 1 (9th Cir. 1981); *Does I thru XXIII v. Advanced Textile,* 214 F.3d 1058, 1086 (9th Cir. 2000). A pseudonym has been used in place of Plaintiff's real name due to privacy concerns as Plaintiff has a reasonable fear of severe stigma, harm, harassment, injury, ridicule, and personal embarrassment in light of the nature of the case.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

preserves, stores, abandons, destroys, or disposes of medical records shall do so in a manner that preserves the confidentiality of the information contained therein. Any provider of health care, health care service plan, pharmaceutical company, or contractor who negligently creates, maintains, preserves, stores, abandons, destroys, or disposes of medical records shall be subject to the remedies ... provided under subdivisions (b) ... of Section 56.36." Civil Code § 56.101.

3.   Civil Code § 56.36(b) provides Plaintiff, and all other persons similarly situated, with a private right to bring an action against Defendant for violation of Civil Code § 56.101 by specifically providing that "[i]n addition to any other remedies available at law, any individual may bring an action against any person or entity who has negligently released confidential information or records concerning him or her in violation of this part, for either or both of the following: (1) ... nominal damages of one thousand dollars ($1,000). In order to recover under this paragraph, *it shall not be necessary that the plaintiff suffered or was threatened with actual damages*. (2) The amount of actual damages, if any, sustained by the patient." (Emphasis added)

4.   Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5.   While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

6.   Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that defendant named.

//
//

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

**JURISDICTION AND VENUE**

7.  This Court has jurisdiction over thus action under 28 U.S.C. § 1332(d) of the Class Action Fairness Act ("CAFA") because the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, with at least one member of the proposed Class being a citizen of a different state than Defendant.

8.  Venue is appropriate in the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of San Diego, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and (iii) many of the acts and transactions giving rise to this action occurred in this district because Defendant:

    a) Is authorized to conduct business in this district and has intentionally availed itself to the laws and markets within this district;

    b) Does substantial business within this district;

    c) Is subject to personal jurisdiction with this district because it has availed itself o the laws and markets within this district; and

    d) The harm to Plaintiff occurred within this district.

**PARTIES**

9.  Plaintiff is, and at all times mentioned herein has been, a citizen and resident of the County of San Diego, State of California.  Plaintiff is a natural person and a "consumer" for purposes of Cal. Bus. & Prof. Code § 1760(d).

10. Defendant is a corporation formed under the laws of the State of Pennsylvania with its corporate headquarters located in the State of Connecticut at 151 Farmington Avenue, Hartford, Connecticut 06156.

11. Defendant is a health care company that sells health insurance plans and related services. As of December 31, 2016, Defendant serves approximately 23.1 million medical members, approximately 14.5 million dental members,

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

and approximately 15.2 million pharmacy benefit management services members.[2]

### FACTUAL ALLEGATIONS

12. Plaintiff realleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

13. On or about July 28, 2017 Plaintiff received a letter from Defendant regarding Plaintiff's pharmacy benefits pertaining to Plaintiff's HIV medications. Said letter was sent in an envelope with a large glassine window which exposed the letters contents, thereby resulting in an unlawful and unauthorized disclosure of Plaintiff's personal confidential medical information, including Plaintiff's name and reference to Plaintiff's medical diagnosis, medical prescriptions for HIV medications, and other insurance and billing information related to Plaintiff.

14. As shown in the photograph below, the instructions regarding how individuals could obtain their HIV medications was plainly visible to unauthorized individuals through the large glassine window section of the envelope. Specifically, the exposed portion of the letter clearly indicated that Aetna was the sender of the letter, included Plaintiff's claims number, name, address, and stated that the purpose of the letter was to advise Plaintiff of Plaintiff's options regarding Plaintiff's HIV prescriptions.



[2] https://www.aetna.com/about-us/aetna-facts-and-subsidiaries/aetna-facts.html

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

15. As shown in the paragraph above, due to the large-window envelope, and the way in which the letter to Plaintiff and similarly situated members of the Class, the individuals' names, addresses, claim numbers, and information regarding their HIV prescription medications were clearly visible and exposed on the face of the envelope to anyone who was able to view the envelope.

16. Thereafter, on or about August 23, 2017, Defendant sent Plaintiff and similarly situated members of the Class written notice of the privacy breach that occurred as a result of Defendant's abovementioned letter mailed to Plaintiff and similarly situated members of the Class.

17. Through the above conduct, Defendant recklessly failed to take adequate precautions to safeguard the confidential medical information of Plaintiff and similarly situated members of the Class.

18. At no point in time did Plaintiff give any authorization for Defendant's reveal or disclose Plaintiff's personal medical information to any other person.

19. Defendant could have easily taken steps to avoid the unauthorized disclosure of Plaintiff and similarly situated persons' medical information by changing the formatting of its letters so that the sensitive content of the letter would not be revealed or Defendant could have used an envelope with a smaller glassine window that only showed the recipients' name and address. Alternatively, Defendant could have used a more secure conventional solid envelope without a glassine window or Defendant could have used a cover page with only the recipients' name and address instead. There were many simple alternatives that Defendant could have selected to avoid the exposure of such sensitive confidential medical information.

20. It is common knowledge that AIDS is the disease caused by the HIV virus. People living with HIV and AIDS face extreme stigma and discrimination; and to ensure that people feel safe to come forward and be tested and treated for HIV, the majority states have enacted laws that protect the confidentiality

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

of a person's HIV-related information.[3]

21. In recognition of the important privacy rights that individuals expect to have over their private, sensitive medical information, Federal laws, such as the Health Insurance Portability and Accountability Act of 1996 ("HIPPA"), were also enacted to provide data privacy and security provisions to help safeguard patients' medical information. Similarly, California has enacted the Confidentiality of Medical Information Act, Civil Code §§ 56 et seq.

22. Through the above conduct, Defendant carelessly, recklessly, negligently, and impermissibly revealed Plaintiff's sensitive and confidential medical information to numerous unauthorized third parties, including Plaintiff's family, friends, neighbors, mail carriers, and others who had the opportunity to view the abovementioned letter distributed by Defendant.

23. In selecting Defendant as Plaintiff's health insurance provider, Plaintiff relied on Defendant and entrusted Defendant to use adequate privacy and security provisions with regard to Plaintiff's medical information.

24. Plaintiff was shocked and angered by the fact that Defendant had so carelessly disclosed Plaintiff's personal medical information to an unauthorized person in violation of Cal. Civ. Code §§ 56, et seq.

25. Plaintiff has suffered from increased stress, embarrassment, humiliation, frustration, fear and anxiety as a result of Defendant's reckless exposure of Plaintiff's confidential medical information to others through the abovementioned envelope window.

26. This action seeks redress against Defendant for its unlawful and unauthorized disclosure of confidential HIV-related medical information of Plaintiff and

---

[3] The majority of states have either HIV-specific privacy statutes or general privacy provisions that expressly mentioned HIV. *See* https://www.cdc.gov/hiv/policies/law/states/index.htm. The remaining states may protect its confidentiality under other statutes or provisions. *See Electronic Privacy Information Center, Lawrence O. Gostin, Legislative Survey of State Confidentiality Laws, with Specific Emphasis on HIV and Immunization* via https://epic.org/privacy/medical/cdc_survey.html.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

1  similarly situated members of the Class.

2  **CLASS ACTION ALLEGATIONS**

3  27.  Plaintiff realleges and incorporates by reference all of the above paragraphs of

4  this Complaint as though fully stated herein.

5  28.  Plaintiff brings this action individually and on behalf of all others similarly

6  situated against Defendant, pursuant to the Federal Rules of Civil Procedure,

7  Rules 23(a), 23(b)(1), 23(b)(2) and 23(b)(3).

8  29.  Plaintiff represents and is a member of the Class ("the Class") consisting of:

> All persons with addresses within the State of California who were mailed a letter by Defendant regarding HIV prescription medication that caused personal medical information to be visible through the glassine window of the envelope used to send the letter, which was not returned undeliverable by the United States Postal Service, within the four (4) years prior to the filing of the Complaint.

30.  Defendant and its employees and/or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but Plaintiff currently believes that there are hundreds of thousands, if not more, members of the Class within the State of California. This matter should therefore be certified as a Class Action to assist in the expeditious litigation of this matter.

31.  The numerosity requirement of Fed. R. Civ. P. Rule 23(a)(1) is satisfied for each of the aforementioned Class because the members of the Class are so numerous and geographically disbursed that joinder of all Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records and/or Defendant's agents' records.

32.  There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. Common questions of fact and law exist in this matter that predominate over questions that may affect

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

individual Class members, satisfying the requirement of Fed. R. Civ. P., Rule 23(a)(2), including but not limited to:

    a. Whether Defendant participated in or committed the wrongful conduct alleged herein;

    b. Whether Defendant's acts, transactions, or course of conduct constitute the violations of law alleged herein;

    c. Whether the members of the Class sustained and/or continue to sustain damages attributable to Defendant's conduct, and, if so, the proper measure and appropriate formula to be applied in determining such damages; and

    d. Whether the members of the Class are entitled to injunctive and/or any other equitable relief.

33. Plaintiff's claims are typical of the claims of all other members of the Class and involve the same violations of law by Defendant as other Class members' claims. Plaintiff and members of the Class also sustained damages arising out of Defendant's common course of conduct complained herein. Accordingly, Plaintiff satisfies the "typicality" requirement of Fed. R. Civ. P., Rule 23(a)(3) with respect to the Class.

34. As a person in who received the abovementioned letter from Defendant, which caused an unauthorized disclosure of Plaintiff's confidential medical information, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of other members of the Class in that Plaintiff has no interests antagonistic to any member of the Class.  Thus, Fed. R. Civ. P., Rule 23(a)(4) is satisfied.

35. This suit seeks damages and injunctive relief for recovery of injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto.  Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

warranted as facts are learned in further investigation and discovery.

36. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a representative lass action, members of the Class will continue to face the potential for irreparable harm described herein. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein. Furthermore, even if separate actions could be brought by individual purchasers, the resulting multiplicity of lawsuits would cause undue hardship and expense for both the Court and the litigants, as well as create the risk of inconsistent rulings and adjudications that might be dispositive of the interests of similarly situated purchasers, thereby substantially impeding purchasers' ability to protect their interests, while establishing incompatible standards of conduct for Defendant. Thus, the proposed Class satisfies the requirements of Fed. R. Civ. P., Rule 23(b)(1).

37. Defendant has acted and/or refused to act on grounds generally applicable to the Plaintiff and other members of the Class, thereby rendering class certification and final injunctive relief and corresponding declaratory relief with respect to members of the Class as a whole appropriate. Thus, certification is proper under Fed. R. Civ. P. Rule 23(b)(2).

38. As discussed above, numerous common questions of fact and law exist in this matter. These questions predominate over the individual questions presented in this action. Thus, the predominance requirement of Fed. R. Civ. P. Rule 23(b)(3) is satisfied.

39. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the consumer laws, and specifically violations of the California Business and Professions Code.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

40. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the damages suffered by individual members of the Class may be minimal. As a result, the expense and burden and litigation would prevent Class members from individually redressing the wrongs done to them. A representative class action is both the appropriate vehicle by which to adjudicate these claims and is essential to the interests of justice. Furthermore, a class action regarding the issues presented in this matter creates no significant problems of manageability. Therefore, the superiority and manageability requirements of 23(b)(3) are satisfied.

## CAUSES OF ACTION

### COUNT I

### VIOLATION OF CAL. CIV. CODE §§ 56, ET SEQ.

### [CONFIDENTIALITY OF MEDICAL INFORMATION ACT]

41. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

42. The forgoing acts and omissions constitute violation of the Confidentiality of Medical Information Act, California Civil Code §§ 56, et seq.

43. Civil Code Section §§ 56, et seq., prohibits health care providers from disclosing medical information regarding a patient without first obtaining written authorization from the patient.

44. At all relevant times, Defendant had a legal duty to protect the confidentiality of Plaintiff's medical information.

45. By disclosing Plaintiff's private medical information without written authorization, Defendant has violated California Civil Code § 56.10.

46. Defendant has also violated California Civil Code § 56.101, which prohibits

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

the negligent creation, maintenance, preservation, storage, abandonment, destruction, or disposal of confidential medical information. Among other things, Defendant is and was negligent by failing to implement, maintain, and follow reasonable policies and procedures to protect medical information from unauthorized access and disclosure.

47. As a result of Defendant's above-described conduct, Plaintiff and the Class have suffered damages from the unauthorized release of their individual identifiable "medical information" made unlawful by Civil Code §§ 56.10, 56.101.

48. Because Civil Code § 56.101 allows for the remedies and penalties provided under Civil Code § 56.36(b), Plaintiff and the Class seek nominal damages of one thousand dollars ($1,000) for each violation under Civil Code §56.36(b)(1), and actual damages suffered, if any, pursuant to Civil Code § 56.36(b)(2).

49. Plaintiff also seeks an injunctive order requiring Defendant to cease its violations of the Civil Code §§ 56, et seq. Among other things Defendant should be required to cease negligently handling its patients' medical information

## COUNT II

### VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200, ET SEQ.

### [CALIFORNIA'S UNFAIR COMPETITION LAW]

50. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

51. Plaintiff and Defendant are each "person[s]" as defined by Cal. Bus. & Prof. Code § 17201. Cal. Bus. & Prof. Code § 17204 authorizes a private right of action on both an individual and representative basis.

52. By and through Defendant's conduct alleged in further detail above and herein, Defendant engaged in conduct which constitutes unlawful, unfair,

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

and/or fraudulent business practices prohibited by Bus. & Prof. Code §§ 17200, et seq.

53. "Unfair competition" is defined by Bus. & Prof. Code section § 17200 as encompassing several types of business "wrongs," four of which are at issue here: (1) an "unlawful" business act or practice, (2) an "unfair" business act or practice, (3) a "fraudulent" business act or practice, and (4) "unfair, deceptive, untrue or misleading advertising." The definitions in §§ 17200, et seq. are drafted in the disjunctive, meaning that each of these "wrongs" operates independently from the others.

54. Defendant has engaged in "unlawful" business acts and practices in violation of California Bus. & Prof. Code §§ 17200, et seq. by its conduct in violation of the Confidentiality of Medical Information Act, Civil Code §§ 56.10, 56.101, as alleged above and herein.

55. Had Plaintiff and members of the Class known that Defendant wasn't using reasonable precautions to ensure the safe storage of Plaintiff's individual identifiable "medical information," and that Defendant was going to released their individual identifiable "medical information," to unauthorized persons without their authorized written consent in violation of its promises made in its privacy policy and required by the Act, Plaintiff would not have used Defendant's health care services.

56. Plaintiff and members of the Class have suffered an injury in fact by a significant exposure of sensitive personal information by Defendant making individual identifiable "medical information," within the meaning of Civil Code § 56.05(j), including their names, medications, medical diagnoses, and other individually identifiable medical information as defined by Civil Code § 56.05(j), released to and viewed by unauthorized persons without their prior written authorization as required by the Act, Civil Code §§ 56.10, 56.101.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

57. Additionally, Plaintiff and members of the Class have suffered a loss of money or property in the form of paying fees and costs for health care services rendered by Defendant, and have suffered a loss of money or property in that Plaintiff and the Class have suffered and are each entitled to nominal damages of one thousand dollars ($1,000) pursuant to Civil Code §§ 56.36(b)(1), 56.101.

58. Pursuant to the Bus. & Prof. Code § 17203, Plaintiff and the Class seek an order of this Court requiring full restitution of all monies wrongfully acquired by Defendant in the form of health care services payments made to Defendant by means of such "unlawful" conduct, so as to restore any and all monies to Plaintiff and the Class which were acquired and obtained by means of such "unlawful" conduct, and which ill-gotten gains are still retained by Defendant.

59. Pursuant to the Bus. & Prof. Code § 17203, Plaintiff and the Class also seek an order of this Court for equitable and/or injunctive relief in the form of an order instructing Defendant to prohibit the unauthorized disclosure of their individual identifiable "medical information," and to adequately maintain the confidentiality of their individual identifiable "medical information," and an order enjoining Defendant from disclosing their individual identifiable "medical information," without the prior written authorization of Plaintiff and each Class member, as required by the Act. Absent injunctive relief from the Court, Defendant is likely to continue to injure Plaintiff and the Class.

60. Plaintiff and other members of the Class have in fact been injured as a result of their reliance on Defendant's material representations and omissions, which are described above. As a result of this reliance, Defendant has caused harm to Plaintiff and other members of the Class. Plaintiff and the other members of the Class have suffered injury in fact and lost money as a result of these unlawful, unfair, and fraudulent practices.

61. As a direct and proximate result of the repeated violations described above and herein, Defendant has received and continues to receive unjust revenue and profit at the expense of their competitors and the public.

62. Plaintiff has suffered an "injury in fact" as a result of Defendant's above-described conduct.

63. Unless Defendant is enjoined from continuing to engage in the unlawful, unfair, fraudulent, untrue, and deceptive business acts and practices as described herein, Plaintiff and consumers residing within California, will continue to be exposed to and harmed by Defendant's unlawful, unfair, and/or fraudulent business practices.

64. Plaintiff and the Class seek restitution of excess monies paid to Defendant by Plaintiff and the Class relating to the representations set forth on Defendant's website in the marketing and description of Defendant's services.

65. In prosecuting this action for the enforcement of important rights affecting the public interest, Plaintiff seeks the recovery of attorneys' fees, which is available to a prevailing plaintiff in class action cases such as this matter.

## COUNT III

### NEGLIGENCE

66. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

67. Defendant owed various duties to Plaintiff pursuant to the CMIA, as alleged in detail above.  Specifically, Defendant owed a duty to Plaintiff with regard to its manner of debt collection practices.

68. Defendant breached Defendant's respective duties by engaging in the conduct alleged above in violation of the CMIA.

69. Plaintiff asserts that Defendant is both the actual and legal cause of Plaintiff's damages.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

70. Plaintiff believes and thereon alleges that as a proximate result of Defendant's negligence, Plaintiff has suffered actual damages and significant emotional distress as described herein and above.

71. Due to the egregious violations alleged herein, Plaintiff asserts that Defendant breached Defendant's respective duties in an oppressive, malicious, despicable, gross and wantonly negligent manner. As such, said conduct Defendant's conscious disregard for Plaintiff's rights entitles Plaintiff to recover punitive damages from Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests the Court grant Plaintiff and the Class the following relief against Defendant:

- That the Court determine that this action may be maintained as a Class Action by certifying this case as a Class Action as to the Class;
- That the Court appoint Plaintiff to serve as the Class Representative in this matter and appoint Plaintiff's Counsel as Class Counsel;
- That Plaintiff and the Class be awarded reasonable attorneys' fees and costs of this suit pursuant to Code of Civil Procedure § 1021.5 and California Civil Code § 1780, and/or any other applicable law;
- That Defendant's wrongful conduct alleged herein be adjudged and decreed to violate the consumer protection statutory claims asserted herein;

## COUNT I

### VIOLATION OF CAL. CIV. CODE §§ 56, ET SEQ. (CMIA)

- An award of nominal damages in the amount of $1,000.00 per violation to Plaintiff individually and to each member of the Class pursuant to Cal. Civ. Code § 56.36(b)(1);
- An award of actual damages according to proof per violation pursuant to Cal. Civ. Code § 56.36(b)(2);

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

- Any and all other relief that this Court deems just and proper;

## COUNT II

### VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200, ET SEQ. (UCL)

- An award of restitution of all monies wrongfully acquired by Defendant in the form of health care services payments made to Defendant by Plaintiff and the Class;

- An award of appropriate injunctive and/or declaratory relief preventing such conduct in the future;

- Any and all other relief that this Court deems just and proper.

## COUNT III

### NEGLIGENCE

- An award of actual damages to be determined at trial;

- An award of punitive damages to be determined at trial;

- Any and all other relief that this Court deems just and proper.

## TRIAL BY JURY

72. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.


Date: September 25, 2017                    **KAZEROUNI LAW GROUP, APC**


                                           By:   _s/ Abbas Kazerounian_
                                                 ABBAS KAZEROUNIAN, ESQ.
                                                 MONA AMINI, ESQ.
                                                 *Attorneys for Plaintiff*

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626